

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,432-01

### EX PARTE PAUL ANTHONY WELCH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 21967-A IN THE 258TH DISTRICT COURT FROM POLK COUNTY

**YEARY, J., filed a dissenting opinion in which SLAUGHTER, J. joined.**

### DISSENTING OPINION

Applicant was convicted in 2012 of attempted capital murder and was sentenced to confinement for fifty years. In 2013, the Fourteenth Court of Appeals affirmed his conviction. *Welch v. State*, No. 14-12-00430-CR, 2013 WL 1789803 (Tex. App.—Houston [14th] Apr. 25, 2013) (mem. op., not designated for publication). For the next seven years, Applicant did nothing. Now, Applicant seeks habeas relief, claiming his counsel rendered ineffective assistance at the punishment phase of his trial. *See* TEX. CODE CRIM. PROC. art. 11.07. The Court grants relief based on the assertion that trial counsel was ineffective because he failed to investigate and present mitigating evidence. Because the well-settled

doctrine of laches might well bar relief in this case, I believe it is premature to grant relief in the form of a new punishment hearing.

Laches is a common-law doctrine, defined as

neglect to assert right or claim which, taken together with lapse of time and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity. Also, it is the neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to do what in law, should have been done.

*Ex parte Perez*, 398 S.W.3d 206, 210 (Tex. Crim. App. 2013) (citing BLACK'S LAW DICTIONARY). Whether laches applies is determined on a case-by-case basis, considering the length of the delay in seeking equitable relief, the reasons for the delay, and any prejudice to the State resulting from the delay. *Ex parte Smith*, 444 S.W.3d 661, 666–67 (Tex. Crim. App. 2014).

The doctrine is applicable in cases like this one, where Applicant has waited more than seven years from the date of trial to raise his ineffective assistance of counsel claim. Counsel responded to Applicant's claims in an affidavit, stating that he was "uncertain" why he did not take certain actions during the punishment phase of trial. It has been more than seven years since he made these trial decisions. It is understandable that he no longer remembers the reasons behind the decisions he made at that time. The Court ought to first consider whether Applicant's claims cannot be adequately examined because of this prolonged delay.

Before granting a new punishment hearing, I would remand to the convicting court for a laches inquiry. Because the Court does not, I respectfully dissent.

FILED:                     December 9, 2020
DO NOT PUBLISH